*877 OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
In this insurer’s subrogation action against the occupants of a commercial premises damaged in a storeroom fire defendants submitted, in support of their motion for summary judgment, the affidavit of a fire investigator commissioned by their insurer stating that the cause of the fire, possibly of electrical origin, could not be determined to any meaningful degree of probability, and the depositions of defendant Jose Gomez and plaintiff’s subrogor, both of whom denied knowledge of the fire’s cause (CPLR 3212 [b]; Desola v Mads, Inc., 213 AD2d 445, 446 [1995]; Rue v Stokes, 191 AD2d 245, 246 [1993]; cf. CPLR 3117 [a] [2]). The parties also submitted unsworn and uncertified copies of reports prepared by the fire marshal and plaintiff’s own fire investigator, which reached similar conclusions. The conclusions of defendants’ fire investigator, accompanied by a recitation of the factual grounds on which the conclusions were based (Romano v Stanley, 90 NY2d 444, 451 [1997]; Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533-534 n 2 [1991]), established prima facie plaintiff’s inability to prove the fire’s origin much less defendants’ liability therefor (Wang v Alexander’s Dept. Store, 247 AD2d 467 [1998]), thereby shifting to plaintiff the burden to establish the existence of a triable issue of material fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Although plaintiffs’ documentary evidence submitted in opposition to the motion for summary judgment was not in admissible form (New York Cent. Mut. Fire Ins. Co. v Turnerson’s Elec., 280 AD2d 652, 653 [2001]; Abrahamsen v Brockway Glass Co., 156 AD2d 615, 617 [1989]) even were we to consider same (Kwi Bong Yi v JNJ Supply Corp., 274 AD2d 453 [2000]; see Philips v Kantor & Co., 31 NY2d 307, 312 [1972]; Guzman v Strab Constr. Corp., 228 AD2d 645, 646 [1996]; Zuilkowski v Sentry Ins., 114 AD2d 453, 454 [1985]) and construe them in the light most favorable to plaintiff (Murdocca v DiGioia, 264 AD2d 509, 510 [1999]), we find no support for plaintiff’s contention that the fire was of a “kind” that normally does not occur in the absence of negligence, a threshold criterion to apply the res ipsa loquitur doctrine (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986]; Giordano v Toys “R” Us, 276 AD2d 669, 670 [2000]). Although plaintiff was not required to exclude all “possible proximate causes of an accident” *878 (Mayorga v City Express Corp., 298 AD2d 563, 564 [2002]) to establish that “it was ‘more likely’ * * * or ‘more reasonable’ * * * that the alleged injury was caused by the defendant [s’] negligence than by some other agency” (Gayle v City of New York, 92 NY2d 936, 937 [1998]), none of the investigators could determine the fire’s cause to any degree of certainty. Plaintiffs own investigator offered competing inferences of the fire’s origin (overloaded wiring, discarded smoking materials), neither of which constitute definitive evidence as to its cause (New York Cent. Mut. Fire Ins. Co. v Turnerson’s Elec., supra; see Tower Ins. Co. of N.Y. v M.B.G. Inc., 288 AD2d 69 [2001] [investigator’s conclusion that a store fire “could have been caused by an errant lit cigarette” insufficient to create a triable issue of negligence notwithstanding owner’s admission that he “normally smoked in the area”]; North Star Contr. Corp. v Burton F. Clark, Inc., 214 AD2d 550 [1995] [res ipsa loquitur inapplicable absent “definitive evidence as to the cause of the fire”]). Therefore, summary judgment was properly granted dismissing the complaint (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Ronin, J.P., Patterson and Rios, JJ., concur.