■ ALBERTHA McGILL et al., Appellants, v UNITED PARCEL SERVICE, INC., Respondent. [861 NYS2d 887]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 13, 2007 in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Albertha McGill (plaintiff) when she allegedly tripped and fell over a package placed on her front porch by one of defendant's employees. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant established its entitlement to judgment as a matter of law by submitting the deposition testimony of plaintiff in which she stated that she did not know what caused her to fall (*see Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]; *see also Telfeyan v City of New York*, 40 AD3d 372 [2007]). "Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation" (*Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]). Plaintiffs failed to raise an issue of fact to defeat the motion by submitting the deposition testimony of their daughter (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although their daughter testified therein that there was a footprint on the package after plaintiff's fall, plaintiffs failed to submit any evidence tending to establish that the footprint matched plaintiff's footprint.

All concur except Martoche, J.P., and Pine, J., who dissent and vote to reverse in accordance with the following memorandum.

Martoche, J.P., and Pine, J. (dissenting). We respectfully dissent and would reverse. It is well established that " '[a] moving party must affirmatively [demonstrate] the merits of its cause

of action or defense and does not meet its burden by noting gaps in its opponent's proof' " (*Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902, 903 [2001], quoting *Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]; *see e.g. Hunley v University of Rochester Strong Mem. Hosp.*, 294 AD2d 923 [2002]; *Donohue v Seven Seventeen HB Buffalo Corp.*, 292 AD2d 786 [2002]; *Kajfasz v Wal-Mart Stores*, 288 AD2d 902 [2001]). We agree with plaintiffs that they alleged facts and conditions from which defendant's negligence may reasonably be inferred and that defendant failed to meet its initial burden on its motion for summary judgment dismissing the complaint (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In our view, defendant failed to submit evidence establishing as a matter of law that it was not negligent, or that any alleged negligence was not a proximate cause of the injuries sustained by plaintiff Albertha McGill (*see generally Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1036 [1997]; *Brennan v Carriage House Motor Cars*, 224 AD2d 204, 205 [1996]). We therefore would reverse the order, deny defendant's motion and reinstate the complaint. Present—Martoche, J.P., Smith, Centra, Lunn and Pine, JJ.