# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

813
CA 11-00080
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

PATRICIA SMART, AS ADMINISTRATRIX OF THE
ESTATE OF MARILYN LOUISE CUYLER, DECEASED,
PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

RICHARD ZAMBITO, DEFENDANT-APPELLANT.

COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (MAUREEN G. FATCHERIC OF COUNSEL), FOR DEFENDANT-APPELLANT.

STANLEY LAW OFFICES, LLP, SYRACUSE (KEITH R. YOUNG OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered March 30, 2010 in a personal injury action. The order denied defendant's motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant's motion is granted and the complaint is dismissed.

Memorandum: Plaintiff, as administratrix of the estate of Marilyn Louise Cuyler (decedent), seeks to recover damages in this action for injuries allegedly sustained by decedent when she fell on a set of exterior stairs at defendant's residence. We agree with defendant that Supreme Court erred in denying his motion for summary judgment dismissing the complaint. Defendant met his initial burden on the motion by establishing as a matter of law that decedent was unable to specify what caused her to fall "without engaging in speculation," and plaintiff failed to raise a triable issue of fact (*Bolde v Borgata Hotel Casino & Spa*, 70 AD3d 617, 618). Indeed, at her deposition decedent did not testify consistently concerning the cause of her fall, and there were no eyewitnesses. Although in this circumstantial evidence negligence case plaintiff is not required to " 'exclude every other possible cause' of the accident but defendant's negligence . . ., [plaintiff's] proof must render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744; *see generally Rosenberg v Schwartz*, 260 NY 162, 166). Here, summary judgment in defendant's favor is appropriate because " 'it is just as likely that the accident could have been caused by

some other factor [unrelated to any alleged negligence on defendant's part], such as a misstep or loss of balance[, and thus] any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation' " (*McGill v United Parcel Serv., Inc.*, 53 AD3d 1077, 1077; *see Bolde*, 70 AD3d at 618; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434). Decedent's deposition testimony establishes that " 'it is just as likely' " that she fell due to dizziness or loss of balance or by some other nonnegligent factor (*McGill*, 53 AD3d at 1077). "Negligence [by the defendant] cannot be presumed from the mere happening of an accident . . . Negligence must be proven" (*Mochen v State of New York*, 57 AD2d 719, 720).

Finally, we reject plaintiff's contention that the alleged violations of the building code require denial of defendant's motion inasmuch as plaintiff failed to establish that the building code relied upon by her expert applied to the subject stairway. Specifically, plaintiff's expert relied upon the building code applicable at the time of the accident in 2007, while the stairway was constructed in the early 1990s, and the expert failed to "offer concrete proof of the existence of the relied-upon standard as of the relevant time" (*Hotaling v City of New York*, 55 AD3d 396, 398, *affd* 12 NY3d 862; *see generally Trimarco v Klein*, 56 NY2d 98).

Entered:  June 17, 2011                    Patricia L. Morgan
                                           Clerk of the Court