The plaintiffs commenced this action to recover damages for injury to property as a result of a fire occurring at premises leased by them and owned by the defendant 250 Dean, LLC, of which the defendant Chris Bundy allegedly is a principal (hereinafter together the appellants). In an order dated April 19, 2012, the Supreme Court, inter alia, denied that branch of the appellants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them.
The appellants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they committed no act from which a jury could rationally infer that they negligently caused the fire (see Katz v Eastern Constr. Developing & Custom Homes, Inc., 100 AD3d 830 [2012]; Tower Ins. Co. v Allstate Ins. Co., 31 AD3d 630, 631 [2006]; Indelicato v LJM Venture #1, 7 Misc 3d 129[A], 2005 NY Slip Op 50508[U] [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs submissions, which indicated that the cause of the fire was undetermined, were insufficient to raise a triable issue of fact as to the appellants’ negligence (cf. Tower Ins. Co. v Allstate Ins. Co., 31 AD3d at 631; Indelicato v LJM Venture #1, 7 Misc 3d 129[A], 2005 NY Slip Op 50508[U] [2005]; Travelers Prop. Cas. v Gomez Supermarket, 195 Misc 2d 876, *1057 877 [2003]). Contrary to the plaintiffs’ contention, they may not rely on the doctrine of res ipsa loquitur to raise an inference that the appellants were negligent. The plaintiffs failed to present any evidence that the fire would not have occurred in the absence of someone’s negligence (see North Star Contr. Corp. v Burton F. Clark, Inc., 214 AD2d 550 [1995]; Indelicato v LJM Venture #1, 7 Misc 3d 129[A], 2005 NY Slip Op 50508[U] [2005]). Accordingly, the Supreme Court should have granted that branch of the appellants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Hall, Roman and Cohen, JJ., concur.