SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1108
CA 12-02397
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

DAVID PATANE, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

STEPHEN C. PERRY, LAURA PERRY, ALSO KNOWN
AS LAURIE SCHOCKEN, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

BOND, SCHOENECK & KING, PLLC, OSWEGO (DOUGLAS M. MCRAE OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

O'NEILL GROSSO, WILLIAMSVILLE (JAMES C. GROSSO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oswego County (Norman
W. Seiter, Jr., J.), entered October 9, 2012.  The order granted the
motion of defendants Stephen C. Perry and Laura Perry, also known as
Laurie Schocken, for summary judgment dismissing the amended complaint
against them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
personal injuries he sustained when he fell down a flight of stairs in
the common area of rental property owned by Stephen C. Perry and Laura
Perry, also known as Laurie Schocken (defendants).  We reject
plaintiff's contention that he presented proof in admissible form
sufficient to create an issue of fact in opposition to defendants'
motion for summary judgment dismissing the amended complaint against
them and that, as a result, Supreme Court erred in granting
defendants' motion.  Plaintiff was at the subject premises on the day
of the accident because he was assisting two friends move the
belongings of one of those friends out of a second-floor apartment.
Prior to the accident, plaintiff had been up and down the stairs
approximately a dozen times without incident, carrying boxes or
furniture.  At the time of the accident, plaintiff was in front of a
large piece of furniture that his friends were moving down the stairs
on a dolly, at which time he was stepping backward down the stairs and
was not holding the handrail.  At his deposition, plaintiff testified
that he "slipped" and that he never examined the stairway following
the accident to determine what caused him to slip, but he contends
that the accident occurred because of dangerous and defective
conditions in the stairway.

" 'Since it is just as likely that the accident could have been caused by some other factor, such as a misstep or loss of balance, any determination by the trier of fact as to the cause of the accident would be based upon sheer speculation' " (*McGill v United Parcel Serv., Inc.*, 53 AD3d 1077, 1077; *see Darrisaw v Strong Mem. Hosp.*, 74 AD3d 1769, 1769-1770, *affd* 16 NY3d 729; *Smart v Zambito*, 85 AD3d 1721, 1721-1722).  Plaintiff's assertion that an issue of fact exists based on circumstantial evidence, which in turn is bolstered by his expert's affidavit, is without merit.  "To warrant submission of a negligence case based upon circumstantial evidence to the jury, the evidence need not entirely exclude other causes but the proof must render those other causes sufficiently remote or technical to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Artessa v City of Utica*, 23 AD3d 1148, 1148 [internal quotation marks omitted]).  Moreover, the expert affidavit of plaintiff's architect is insufficient to create an issue of fact because it is speculative and conclusory with respect to what supposedly caused plaintiff to fall (*see Costanzo v County of Chautauqua*, 108 AD3d 1133, 1133-1134).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court