■ UTICA FIRST INSURANCE COMPANY, as Subrogee of Michelle Maniscalco, Appellant, v INFINITY MECHANICAL & HEATING, INC., Respondent. [1 NYS3d 249]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 18, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff issued a commercial property insurance policy to Michele Maniscalco and her husband, Salvatore Maniscalco, for the premises located at 430 Jefferson Street in Brooklyn. Thereafter, Michele Maniscalco, as lessor, executed a lease with the defendant, Infinity Mechanical & Heating, Inc. (hereinafter Infinity), as lessee. Salvatore Maniscalco was the principal and president of Infinity, and executed the lease on its behalf. On June 19, 2011, there was a fire at the building which caused extensive damage. Michele Maniscalco filed an insurance claim with the plaintiff and was reimbursed for the loss pursuant to the terms of the policy. Thereafter, the plaintiff commenced this subrogation action against Infinity alleging negligence. Infinity moved for summary judgment dismissing the complaint, claiming that there was no evidence that any act or omission by Infinity was the proximate cause of the fire. The Supreme Court granted Infinity's motion. We affirm.

Infinity made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence demonstrating that none of its acts or omissions caused or contributed to the

fire (*see Ali Abd Aloan Alomsi v 250 Dean, LLC*, 101 AD3d 1056 [2012]; *Katz v Eastern Constr. Developing & Custom Homes, Inc.*, 100 AD3d 830 [2012]; *One Beacon Ins. Co. v CMB Contr. Corp.*, 84 AD3d 902 [2011]; *Tower Ins. Co. v Allstate Ins. Co.*, 31 AD3d 630 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's submissions included the affidavit of an expert, who concluded that the cause of the fire was due to the action or inaction of Infinity. However, this conclusion was based on speculation, and failed to raise a triable issue of fact (*see Andrews v New York City Hous. Auth.*, 66 AD3d 619 [2009]; *Delgado v New York City Hous. Auth.*, 51 AD3d 570 [2008]; *Butler-Francis v New York City Hous. Auth.*, 38 AD3d 433 [2007]). Contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is inapplicable to this case, since there was no basis to find that the fire was caused by negligence (*see Hartford Ins. Co. of Midwest v Orange & Rockland Utils., Inc.*, 103 AD3d 846, 847 [2013]; *Ali Abd Aloan Alomsi v 250 Dean, LLC*, 101 AD3d at 1057; *One Beacon Ins. Co. v CMB Contr. Corp.*, 84 AD3d at 902). Accordingly, the Supreme Court properly granted Infinity's motion for summary judgment dismissing the complaint. Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.