# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**262**

**CA 14-01008**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

LOUIS PATERNOSTRO AND DEBORAH PATERNOSTRO,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

ADVANCE SANITATION, INC. AND DORITEX CORP.,
DEFENDANTS-RESPONDENTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (ELISE L. CASSAR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered August 22, 2013. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries that Louis Paternostro (plaintiff) sustained when he tripped and fell on a floor mat in a building in which defendants were responsible for those mats. Defendants moved for summary judgment dismissing the complaint, contending that plaintiffs were unable to establish that defendants' actions were a proximate cause of the injuries, and plaintiffs appeal from an order granting that motion. We agree with plaintiffs that Supreme Court erred in granting the motion, and we therefore reverse.

It is well settled that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). It is equally well settled that, in seeking summary judgment, "[a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980; *see Brown v Smith*, 85 AD3d 1648, 1649). Here, defendants sought summary judgment based on their contention that plaintiffs were unable to identify what caused plaintiff to fall " 'without engaging in speculation' " (*Smart v Zambito*, 85 AD3d 1721,

1721).  In support of their motion, however, defendants submitted, inter alia, plaintiff's deposition testimony, in which plaintiff testified that he tripped when he caught his foot in a ripple or raised area of a floor mat.  We conclude that such testimony is sufficient to render any other possible cause of his fall "sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Artessa v City of Utica*, 23 AD3d 1148, 1148 [internal quotation marks omitted]).  Contrary to the contention of defendants, plaintiff's deposition testimony that he does not specifically recall seeing a defect in the mat prior to falling is insufficient to establish their entitlement to judgment as a matter of law (*see Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902, 903; *cf. McGill v United Parcel Serv., Inc.*, 53 AD3d 1077, 1077; *Hunley v University of Rochester Strong Mem. Hosp.*, 294 AD2d 923, 923).

Defendants' failure to meet their burden on the motion "requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853).

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court