Akeed, Inc. v Barcomb (2025 NY Slip Op 07151)

Akeed, Inc. v Barcomb

2025 NY Slip Op 07151

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

853 CA 24-00981

[*1]AKEED, INC., PLAINTIFF-APPELLANT,
vJOHN BARCOMB, DEFENDANT-RESPONDENT, ET AL., DEFENDANT.

DUKE, HOLZMAN, PHOTIADIS & RITTER LLP, BUFFALO (NICOLE K. JOERG OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SMITH SOVIK KENDRICK & SUGNET P.C., WILLIAMSVILLE (ALAN J. BEDENKO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered June 17, 2024. The order granted the motion of defendant John Barcomb for summary judgment dismissing the complaint against him and denied the motion of plaintiff for partial summary judgment against defendant John Barcomb. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover for damages to a residential property it owned caused by a fire that was allegedly started by a cigarette smoked by John Barcomb (defendant), one of its tenants. Plaintiff asserted a cause of action for negligence and a cause of action for common-law and contractual indemnification. Defendant moved for summary judgment dismissing the complaint against him, and plaintiff moved for partial summary judgment on liability based on defendant's alleged negligence in causing the fire. Supreme Court granted defendant's motion and denied plaintiff's motion. We affirm.
We reject plaintiff's contention that the court erred in granting defendant's motion and denying plaintiff's motion with respect to the negligence cause of action. "In a premises liability case, a defendant can establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of [the] injury without engaging in speculation" (Cameron v Palmeri, 230 AD3d 1100, 1101 [2d Dept 2024] [internal quotation marks omitted]; see Smart v Zambito, 85 AD3d 1721, 1721-1722 [4th Dept 2011]; McGill v United Parcel Serv., Inc., 53 AD3d 1077, 1077 [4th Dept 2008]).
We conclude that defendant met his initial burden of establishing that none of his acts or omissions was a proximate cause of the fire (see Utica First Ins. Co. v Infinity Mech. & Heating, Inc., 124 AD3d 630, 630-631 [2d Dept 2015]; 92 Ct. St. Holding Corp., LLC v Monnet, 106 AD3d 1404, 1405 [3d Dept 2013]; Cataract Metal Finishing, Inc. v City of Niagara Falls, 31 AD3d 1129, 1130 [4th Dept 2006]). Defendant submitted his own deposition testimony that the fire started outside his bedroom after he went to sleep, and he submitted the fire investigation report, which determined that the cause of the fire was undetermined (see Cameron, 230 AD3d at 1101; Cataract Metal Finishing, Inc., 31 AD3d at 1130; New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec., 280 AD2d 652, 653 [2d Dept 2001]).
In opposition to defendant's motion, plaintiff failed to raise a triable issue of fact regarding whether defendant's conduct proximately caused the fire (see Utica First Ins. Co., 124 AD3d at 631). Plaintiff did not submit the testimony or report of any expert regarding the cause of the fire (see 92 Ct. St. Holding Corp., LLC, 106 AD3d at 1406; cf. Cameron, 230 AD3d at [*2]1101-1102; Rand v Finger Lakes Premier Props., Inc., 198 AD3d 1340, 1341 [4th Dept 2021]). Instead, plaintiff relied merely on speculation that the cigarette defendant was smoking before going to bed was the cause of the fire (see Tower Ins. Co. of N.Y. v M.B.G. Inc., 288 AD2d 69, 69 [1st Dept 2001]).
Contrary to plaintiff's contention, the doctrine of res ipsa loquitur does not apply and thus, for that reason and for the reasons set forth above, the court properly denied its motion. "To establish an inference of negligence pursuant to res ipsa loquitur, (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (Greater Binghamton Dev., LLC v Stellar 83 Ct., LLC, 173 AD3d 1512, 1512 [3d Dept 2019] [internal quotation marks omitted]; see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]). "Only when these essential elements have been established, after the plaintiff has first demonstrated the nature of the instrumentality which caused the injury and its connection with the defendant . . . , does a prima facie case of negligence exist" (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 227 [1986]). Although plaintiff is not required to eliminate every alternative explanation for the event, "it was required to demonstrate that the probability of other causes was so reduced that defendant['s] negligence was more likely than . . . the others" (Greater Binghamton Dev., LLC, 173 AD3d at 1513 [internal quotation marks omitted]; see Kambat v St. Francis Hosp., 89 NY2d 489, 494-495 [1997]; 92 Ct. St. Holding Corp., LLC, 106 AD3d at 1407).
Here, inasmuch as the cause of the fire was unknown, it cannot be said that the fire could not occur in the absence of negligence (see Utica First Ins. Co., 124 AD3d at 631; 92 Ct. St. Holding Corp., LLC, 106 AD3d at 1406-1407). It also cannot be said that defendant had exclusive control of the instrumentality that caused the fire (see Greater Binghamton Dev., LLC, 173 AD3d at 1513; Archer v Suburban Propane Gas Co., 69 AD2d 993, 993 [4th Dept 1979]).
We reject plaintiff's further contention that the court erred in granting defendant's motion with respect to the contractual indemnification claim. General Obligations Law § 5-321 renders void and unenforceable lease provisions that purport to exempt a landlord from liability for damages for injuries to person or property caused by its own acts of negligence. The lease entered into between plaintiff and defendant required defendant to pay monthly rent of $750 and obtain "fire and property damage and public liability insurance" in the amount of $1 million. It further required defendant to indemnify plaintiff "against any and all claims, actions, damages, liability and expenses in connection with . . . damage to the property arising from any occurrence in the Rented Premises." We conclude that the indemnification provision violates General Obligations Law § 5-321 because it shifted the entire responsibility for damages to defendant, regardless of plaintiff's own negligence (see Wagner v Ploch, 85 AD3d 1547, 1547-1548 [4th Dept 2011]; Graphic Arts Supply v Raynor, 91 AD2d 827, 827-828 [4th Dept 1982]).
Plaintiff's contention that the indemnification provision is nevertheless enforceable because the parties allocated the risk of loss to an insurer is without merit. "[A]n indemnity agreement in a commercial lease negotiated at arm's length between two sophisticated parties, which includes a provision requiring the tenant to obtain insurance and name the landlord as an additional insured, does not run afoul of General Obligations Law § 5-321, even if the agreement results in the tenant indemnifying the landlord for the landlord's own negligence, as the insurance provision amounts to a permissible allocation of risk" (Lammon v Bayberry Sq., LLC, 200 AD3d 1170, 1172 [3d Dept 2021]; see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 418-419 [2006]; Wagner, 85 AD3d at 1548). Here, however, the lease was a residential lease, not a commercial lease, and it was not negotiated at arm's length between two sophisticated business entities or persons (see Wagner, 85 AD3d at 1548; Port Auth. of N.Y. & N.J. v Evergreen Intl. Aviation, 275 AD2d 358, 359-360 [2d Dept 2000], lv denied 96 NY2d 709 [2001]).
In light of our determination, there is no need to address defendant's alternative basis for affirmance that the lease is unconscionable and therefore unenforceable (see Real Property Law § 235-c [1]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court