JAMES ARTESSA et al., Appellants, v CITY OF UTICA, Respondent. [803 NYS2d 858]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered March 17, 2004. The order, insofar as appealed from, granted defendant's motion for summary judgment dismissing the amended complaint at the close of plaintiffs' proof at trial.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for flooding allegedly caused by the negligent design, maintenance and inspection of defendant's flood control system. At the close of plaintiffs' proof at trial, defendant moved for summary judgment dismissing the amended complaint, which in effect was a motion for a directed verdict pursuant to CPLR 4401. We conclude that Supreme Court properly granted defendant's motion. We note at the outset that, although the notice of appeal incorrectly states that the appeal is taken from a judgment rather than an order, we exercise our discretion to treat the notice of appeal as valid pursuant to CPLR 5520 (c) (see generally Myers v General Elec. Co., 132 AD2d 1007, 1008 [1987]).

Plaintiffs contend that the court was required to deny defendant's motion pursuant to the doctrines of res judicata and law of the case, inasmuch as defendant had made a pretrial motion for summary judgment dismissing the amended complaint. We reject that contention (see Wyoming County Bank v Ackerman, 286 AD2d 884 [2001]; see also Smith v Hooker Chem. & Plastics Corp., 125 AD2d 944, 945 [1986], affd 70 NY2d 994 [1988], rearg denied 71 NY2d 995 [1988]). On the merits, we conclude that the court properly granted defendant's motion. To warrant submission of a negligence case based upon circumstantial evidence to the jury, the evidence need not entirely exclude other causes but the "proof must render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (Schneider v Kings Highway Hosp. Ctr., 67 NY2d 743, 744 [1986]). Here, even assuming, arguendo, that the evidence was sufficient to establish that defendant was negligent, we conclude that there

was no evidence that defendant's negligence was a proximate cause of the damage to plaintiffs' properties.

Finally, plaintiffs' contention that the matter should have been submitted to the jury based upon the theory of res ipsa loquitur is raised for the first time on appeal and thus is not properly before us (*see Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573, 574-575 [2004]; *De Luke v State of New York*, 169 AD2d 916, 919 [1991]; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.