■ STEPHEN G. CARPENTER, Appellant-Respondent, v ARTHUR J. RAPINI, Respondent, and CITY OF GENEVA, Respondent-Appellant. [830 NYS2d 398]—

Appeal and cross appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered March 28, 2006 in a personal injury action. The order, among other things, denied in part the motion of defendant City of Geneva for summary judgment and granted plaintiff's cross motion for leave to amend the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he tripped and fell while walking on the side of a street in the City of Geneva (defendant) and was struck by a vehicle driven by defendant Arthur J. Rapini. Supreme Court properly granted that part of the motion of defendant for summary judgment seeking dismissal of the complaint against it insofar as plaintiff alleges that defendant was negligent in failing to provide a sidewalk at the location where plaintiff fell and in failing to maintain the drainage grate that caused plaintiff to trip and fall. Plaintiff concedes that defendant did not receive the requisite prior written notice of the allegedly defective condition of the roadway that is required with respect to plaintiff's allegations of nonfeasance (*see Amabile v City of Buffalo*, 93 NY2d 471, 473-474 [1999]; *see generally Kiernan v Thompson*, 73 NY2d 840, 842 [1988]). Prior written notice is not required, however, with respect to plaintiff's allegations that defendant affirmatively created the dangerous conditions (*see Amabile*, 93 NY2d at 474; *Steuer v Town of Amherst*, 300 AD2d 1104, 1105 [2002]; *Merchant v Town of Halfmoon*, 194 AD2d 1031, 1032 [1993]) and, by his expert's affidavit, plaintiff raised a triable issue of fact with respect to those allegations sufficient to defeat that part of defendant's motion (*see Merchant*, 194 AD2d at 1032-1033). Finally, we note that defendant in addition sought summary judgment dismissing the complaint against it on the ground that its alleged negligence was not a proximate cause of the accident. The record establishes, however, that there is an issue of fact with respect to proximate cause based on the sworn statement of an eyewitness who stated therein that it "looked like [plaintiff] was avoiding something in the road" when he stepped into the roadway (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Martoche, Centra and Green, JJ.