SHANNON NOLAN, Respondent, v ONONDAGA COUNTY et al., Appellants. [876 NYS2d 825]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), dated February 11, 2008 in a personal injury action. The order denied defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she tripped and fell in an arena owned by defendants. According to plaintiff, she tripped over a ramp that protruded into the aisle where she was walking. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint inasmuch as defendants failed to meet their initial burden of establishing that the ramp was not a proximate cause of plaintiff's fall (*see Hunley v University of Rochester Strong Mem. Hosp.*, 294 AD2d 923 [2002]; *Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902 [2001]). Contrary to the contention of defendants, the testimony of plaintiff at a hearing pursuant to General Municipal Law § 50-h that she does not specifically recall tripping over the ramp and acknowledging that she might have fallen for a reason unrelated to the ramp is insufficient to establish their entitlement to judgment as a matter of law (*see Hunley*, 294 AD2d 923 [2002]; *Dodge*, 286 AD2d 902 [2001]; *cf. McGill v United Parcel Serv., Inc.*, 53 AD3d 1077 [2008]). In any event, plaintiff raised a triable issue of fact in opposition to the motion by submitting evidence establishing that she fell in the immediate vicinity of the protruding ramp, thereby rendering any other potential cause of her fall "sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Artessa v City of Utica*, 23 AD3d 1148, 1148 [2005] [internal quotation marks omitted]; *see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986]; *see also Foreman v Coyne Textile Servs. of Buffalo*, 284 AD2d 912 [2001]). We have considered defendants' remaining contention and conclude that it is lacking in merit. Present—Hurlbutt, J.P., Martoche, Centra, Pine and Gorski, JJ.