# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**423**

**CA 11-02265**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

GERTRUDE A. LANE AND GEORGE A. LANE,
PLAINTIFFS-RESPONDENTS,

                    V                                MEMORANDUM AND ORDER

TEXAS ROADHOUSE HOLDINGS, LLC,
DEFENDANT-APPELLANT.

---

MACKENZIE HUGHES LLP, SYRACUSE (JONATHAN H. BARD OF COUNSEL), FOR
DEFENDANT-APPELLANT.

RICHARD J. SARDANO, PC, LIVERPOOL (JOHN E. HEISLER, JR., OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered May 3, 2011 in a personal injury
action. The order denied the motion of defendant for summary judgment
dismissing the complaint.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum: Plaintiffs commenced this action alleging that a
"dangerous and defective condition" on defendant's property caused
Gertrude A. Lane (plaintiff) to slip and fall. Defendant appeals from
an order denying its motion for summary judgment dismissing the
complaint. We reject the contention of defendant that it met its
initial burden on the motion by establishing as a matter of law that
plaintiffs were unable to identify what caused plaintiff to fall
" 'without engaging in speculation' " (*Smart v Zambito*, 85 AD3d 1721,
1722). "It is well established . . . that '[a] moving party must
affirmatively [demonstrate] the merits of its cause of action or
defense and does not meet its burden by noting gaps in its opponent's
proof' " (*Dodge v City of Hornell Indus. Dev. Agency*, 286 AD2d 902,
903, quoting *Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980;
*see Brown v Smith*, 85 AD3d 1648, 1649). "Although [mere] conclusions
based upon surmise, conjecture, speculation or assertions are without
probative value . . ., a case of negligence based wholly on
circumstantial evidence may be established if the plaintiffs show[ ]
facts and conditions from which the negligence of the defendant and
the causation of the accident by that negligence may be reasonably
inferred" (*Seelinger v Town of Middletown*, 79 AD3d 1227, 1229
[internal quotation marks omitted]). Here, although plaintiff was
unable to identify the specific source of her fall at her deposition

due to the onset of unrelated mental status issues, plaintiffs "submitt[ed] evidence establishing that she fell in the immediate vicinity of [several uneven and unsteady pavement blocks of which defendant had actual notice], thereby rendering any other potential cause of her fall 'sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (*Nolan v Onondaga County*, 61 AD3d 1431, 1432).

We have considered the remaining contentions of the parties and conclude that they are without merit, or need not be addressed in light of our determination.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court