# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**734**

**CA 13-00871**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, AND VALENTINO, JJ.

---

JUDITH DIXON AND DONALD DIXON,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

SUPERIOR DISCOUNTS AND CUSTOM MUFFLER, BY AND
THROUGH ITS OFFICERS, AGENTS AND/OR EMPLOYEES,
DAWN P. JONES, INDIVIDUALLY AND AS AN OFFICER,
AGENT AND/OR EMPLOYEE OF SUPERIOR DISCOUNTS AND
CUSTOM MUFFLER, SENECA AND WASHINGTON, L.L.C.,
BY AND THROUGH ITS OFFICERS, AGENTS AND/OR
EMPLOYEES, AND JOHN DOE PROPERTY MANAGEMENT
CORPORATION, BY AND THROUGH ITS OFFICERS, AGENTS
AND/OR EMPLOYEES, DEFENDANTS-RESPONDENTS.

---

BOTTAR LEONE PLLC, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A.
CIRANDO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JOHN D. GOLDMAN OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (Brian
F. DeJoseph, J.), entered January 24, 2013.  The order granted the
motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
and the complaint is reinstated.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries sustained by Judith Dixon (plaintiff) when she slipped and
fell while leaving defendant Superior Discounts and Custom Muffler, a
motor vehicle repair shop operated by defendant Dawn P. Jones.
Defendants moved for summary judgment dismissing the complaint on the
ground that, inter alia, plaintiff was unable to identify the cause of
her fall.  Supreme Court granted the motion, and we now reverse.

"In a slip and fall case, a defendant may establish its prima
facie entitlement to judgment as a matter of law by submitting
evidence that the plaintiff cannot identify the cause of his or her
fall" without engaging in speculation (*Altinel v John's Farms*, 113
AD3d 709, 709-710; *see Ash v City of New York*, 109 AD3d 854, 855;
*Smart v Zambito*, 85 AD3d 1721, 1721).  Here, we conclude that
defendants failed to establish as a matter of law that the cause of

plaintiff's fall was speculative (*see Lane v Texas Roadhouse Holdings, LLC*, 96 AD3d 1364, 1364-1365; *Gafter v Buffalo Med. Group, P.C.*, 85 AD3d 1605, 1606; *Nolan v Onondaga County*, 61 AD3d 1431, 1432). "Although [mere] conclusions based upon surmise, conjecture, speculation or assertions are without probative value . . . , a case of negligence based wholly on circumstantial evidence may be established if the plaintiffs show[ ] facts and conditions from which the negligence of the defendant[s] and the causation of the accident by that negligence may be reasonably inferred" (*Seelinger v Town of Middletown*, 79 AD3d 1227, 1229 [internal quotation marks omitted]).

Defendants submitted plaintiff's deposition testimony in support of their motion for summary judgment. Although plaintiff was unable to identify the precise cause of her fall, she testified that she fell in the immediate vicinity of an elevation differential in the pavement, "thereby rendering any other potential cause of her fall 'sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (*Nolan*, 61 AD3d at 1432; *see Seelinger*, 79 AD3d at 1230). Inasmuch as defendants failed to meet their initial burden on the motion, we need not consider the sufficiency of plaintiffs' opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Finally, we agree with the court that there are issues of fact with respect to the existence of a dangerous condition and whether the three-inch defect is trivial in nature.

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court