# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1079**
**CA 15-00254**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

LEO JOSEPH SWIETLIKOWSKI, PLAINTIFF-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

VILLAGE OF HERKIMER, DEFENDANT-APPELLANT.

---

MURPHY, BURNS, BARBER & MURPHY, LLP, ALBANY (STEPHEN M. GROUDINE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL A. CASTLE, HERKIMER (SCOTT H. OBERMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------------------

        Appeal from an order of the Supreme Court, Herkimer County (Erin P. Gall, J.), entered November 19, 2014.  The order denied defendant's motion for summary judgment.

        It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

        Memorandum:  Plaintiff commenced this action seeking damages for injuries he sustained when he fell from his bicycle while riding on a road owned and maintained by defendant.  According to plaintiff, the accident was caused by a defective condition in the road.  Supreme Court denied defendant's motion for summary judgment dismissing the complaint, and we affirm.

        Contrary to defendant's contention, the court properly denied that part of its motion seeking dismissal of the complaint on the ground that it did not receive prior written notice of any defective or dangerous condition.  Defendant asserted on its motion, and plaintiff conceded, that defendant did not have any such notice (*see Groninger v Village of Mamaraneck*, 17 NY3d 125, 129; *see generally* Village Law § 6-628).  Therefore, this case turns on whether defendant created the allegedly defective or dangerous condition with an "affirmative act of negligence" (*Groninger*, 17 NY3d at 127 [internal quotation marks omitted]).  Here, plaintiff's expert opined that the dangerous condition was caused by the intentional removal of paving material from the area adjacent to the water valve box cover at the time the roadway was resurfaced, and we therefore conclude that "plaintiff raised an issue of fact whether defendant created a dangerous condition that caused the accident" (*Hawley v Town of Ovid*, 108 AD3d 1034, 1035; *see Carpenter v Rapini*, 35 AD3d 1202, 1203; *Smith v City of Syracuse*, 298 AD2d 842, 842-843).

Defendant further contends that it was entitled to summary judgment dismissing the complaint because plaintiff could not identify the cause of his fall. We reject that contention. Although a defendant " 'may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall' without engaging in speculation" (*Dixon v Superior Discounts & Custom Muffler*, 118 AD3d 1487, 1487; *see Hunt v Meyers*, 63 AD3d 685, 685, *lv denied* 13 NY3d 712), we conclude that defendant failed to meet that burden here (*see Smart v Zambito*, 85 AD3d 1721, 1721; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In support of its motion, defendant submitted plaintiff's deposition testimony and plaintiff's testimony from a hearing pursuant to General Municipal Law § 50-h, in which plaintiff testified that the accident occurred after the front wheel of the bicycle hit something on the roadway. Although plaintiff could not remember seeing the object with which he collided, he testified that the accident occurred in the immediate vicinity of a gap in the pavement adjacent to a water valve box cover, "thereby rendering any other potential cause of [his] fall 'sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (*Nolan v Onondaga County*, 61 AD3d 1431, 1432; *see Paternostro v Advance Sanitation, Inc.*, 126 AD3d 1376, 1377; *Dixon*, 118 AD3d at 1488).

Entered: October 9, 2015                    Frances E. Cafarell
                                            Clerk of the Court