# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

344
CA 15-01412
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

ROMA M. MANDZYK, PLAINTIFF-APPELLANT,

V                                                                         MEMORANDUM AND ORDER

MANOR LANES AND MANOR LANES II, INC.,
DEFENDANTS-RESPONDENTS.

---

GIBSON MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL SULLIVAN OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Jeremiah J. Moriarty, III, J.), entered December 3, 2014. The order granted the motion of defendants for summary judgment, denied the cross motion of plaintiff for partial summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendants' motion in part and reinstating the first cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained as a result of her slip and fall while bowling at premises allegedly owned by defendants. Supreme Court granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of defendants' negligence in maintaining the premises, and plaintiff appeals. The court properly granted that part of defendants' motion with respect to the cause of action sounding in private nuisance, a theory that has no applicability to this case (*see generally Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 66; *Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570, *rearg denied* 42 NY2d 1102). The court also properly denied plaintiff's cross motion for partial summary judgment.

We conclude, however, that the court erred in granting defendants' motion with respect to the cause of action for negligence, and we modify the order accordingly. In granting that part of defendants' motion, the court agreed with defendants that they were entitled to judgment because plaintiff could not identify the cause of her fall (*see Nolan v Onondaga County*, 61 AD3d 1431, 1432). That was error. "Although a defendant may establish its prima facie

entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation . . . , we conclude that defendant[s] failed to meet that burden here" (*Swietlikowski v Village of Herkimer*, 132 AD3d 1406, 1407 [internal quotation marks omitted]).  In any event, and assuming arguendo that defendants met their initial burden, we conclude that plaintiff raised a triable issue of fact concerning the existence of the alleged defect, i.e., the presence of oil on the approach to the lane, and concerning whether defendants affirmatively caused or created that defect or acquired actual or constructive notice of such defect in time to remedy it or warn plaintiff about it (*see Johnson v Transportation Group, Inc.*, 27 AD3d 1135, 1136; *see generally O'Neil v Holiday Health & Fitness Ctrs. of N.Y.*, 5 AD3d 1009, 1009-1010; *Atkinson v Golub Corp. Co.*, 278 AD2d 905, 905-906).  Here, plaintiff testified at her deposition that she had seen beads of oil on her bowling ball before she fell, and that she fell in the area in which she released her bowling ball.  Further, the bowling alley manager testified at his deposition that beads of oil should not accumulate on the ball, and that their existence might indicate excessive oiling of the lanes.  He further testified that the lanes had been recently oiled, and that the oiling machine could drip oil on the approach, thereby necessitating that the oil be wiped up with a rag.  Finally, the accident report, which was prepared by the bowling alley manager within 15 or 20 minutes of the accident, recited that plaintiff had "slipped on oil."

We do not address defendants' contention that defendant Manor Lanes II, Inc. is entitled to summary judgment on the ground that it played no part in the ownership or operation of the bowling alley.  That contention is advanced for the first time on appeal and therefore is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court