# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**189**
**CA 16-01267**

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

TERESA G. SMITH, PLAINTIFF-RESPONDENT,

V                                             MEMORANDUM AND ORDER

UNITED REFINING COMPANY OF PENNSYLVANIA AND
KWIK-FIL, INC., DEFENDANTS-APPELLANTS.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered July 17, 2015.  The order denied in part defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint to the extent that it alleges that defendants created the allegedly dangerous condition and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell in the parking lot of a gas station/convenience store owned and operated by defendants.  Supreme Court properly denied that part of defendants' motion seeking summary judgment dismissing the complaint on the ground that plaintiff's alleged injury was not caused by a dangerous condition on defendants' property.  Defendants cannot meet their burden of establishing as a matter of law that the property was in a reasonably safe condition based on the hearsay statement of a customer that the area of plaintiff's fall was shoveled and salted (*see generally Palisades Collection, LLC v Kedik*, 67 AD3d 1329, 1330-1331).  Nor did plaintiff's deposition testimony that "I just fell . . . , there was no precursor.  I don't remember slipping, I don't remember sliding" establish defendants' entitlement to judgment on that issue, inasmuch as the cause of her fall may be reasonably inferred from the circumstances (*see Lane v Texas Roadhouse Holdings, LLC*, 96 AD3d 1364, 1364-1365; *Nolan v Onondaga County*, 61 AD3d 1431, 1432).  Further, the fact that plaintiff did not observe ice does not establish that her fall was not caused by ice (*see generally Gwitt v Denny's Inc.*, 92 AD3d 1231, 1232).

The court also properly denied that part of defendants' motion seeking summary judgment based upon the storm in progress doctrine. The affidavit of defendants' expert meteorologist and the climatological data on which he relied were insufficient to establish the weather conditions at the time and location of the accident (*see Calix v New York City Tr. Auth.*, 14 AD3d 583, 584). Further, the statements of witnesses at the gas station/convenience store did not establish as a matter of law that plaintiff's fall occurred during a storm in progress (*see Helms v Regal Cinemas, Inc.*, 49 AD3d 1287, 1288; *Vickery v Estate of Brockman*, 278 AD2d 913, 914).

We agree with defendants, however, that the court erred in denying their motion with respect to plaintiff's claim that defendants' snow removal efforts created or exacerbated the allegedly dangerous condition. Under the storm in progress doctrine, a defendant has no duty to remove the snow and the ice until a reasonable time has elapsed after cessation of the storm (*see Hanifan v COR Dev. Co., LLC*; 144 AD3d 1569, 1569). Where, as here, a defendant has undertaken snow removal efforts during a storm, the relevant inquiry becomes whether the defendant's efforts either created or exacerbated a hazardous condition (*see Glover v Bolsford*, 109 AD3d 1182, 1184). Plaintiff expressly conceded that she was not relying on that theory of liability, and thus the court should have granted defendants' motion to the extent that it sought summary judgment dismissing that claim (*see generally Cullen v Naples*, 31 NY2d 818, 820; *Brown v George*, 138 AD3d 466, 467). We therefore modify the order accordingly.

Entered:  March 31, 2017

Frances E. Cafarell
Clerk of the Court