Doner v Camp (2018 NY Slip Op 05106)





Doner v Camp


2018 NY Slip Op 05106


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND TROUTMAN, JJ.


812 CA 18-00070

[*1]ANGEL DONER, PLAINTIFF-RESPONDENT,
v
GARY CAMP, DEFENDANT-APPELLANT. 






GOLDBERG SEGALLA LLP, BUFFALO (ARLOW M. LINTON OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAMPBELL & ASSOCIATES, EDEN, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (JESSLYN A. HOLBROOK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered October 5, 2017. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained when she fell on wooden steps located on premises owned by defendant. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Contrary to his contention, defendant failed to meet his prima facie burden. "In a slip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Rinallo v St. Casimir Parish, 138 AD3d 1440, 1441 [4th Dept 2016] [internal quotation marks omitted]; see Lane v Texas Roadhouse Holdings, LLC, 96 AD3d 1364, 1364 [4th Dept 2012]). Here, defendant submitted the deposition testimony of plaintiff, who testified that the worn condition of the steps caused her to fall. Plaintiff further testified that, when she stepped onto the bottom step with her right foot, her ankle rolled inward, causing her to fall over the left side of the steps. A photograph in the record showed that a significant portion of the wood on the right hand side of the bottom step was worn away. That evidence " render[ed] any other potential cause of [her] fall sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (Rinallo, 138 AD3d at 1441). Inasmuch as defendant failed to meet his prima facie burden, we need not consider whether plaintiff raised an issue of fact in opposition (see 
Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court