Kleist v Stern (2019 NY Slip Op 05888)





Kleist v Stern


2019 NY Slip Op 05888


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


466 CA 18-02191

[*1]VIRGINIA F. KLEIST, PLAINTIFF-APPELLANT,
v
DANIEL STERN, DEFENDANT-RESPONDENT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.
WRIGHT, WRIGHT AND HAMPTON, JAMESTOWN (EDWARD P. WRIGHT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered May 16, 2018. The order granted the motion of defendant for a directed verdict and dismissed the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the amended complaint to the extent it alleges violations of paragraphs four and five of the covenants and restrictions, and as modified the order is affirmed without costs and a new trial is granted on those claims.
Memorandum: Plaintiff and defendant own lakefront properties within the Chautauqua Shores subdivision. All property owners within the subdivision are subject to covenants and restrictions that were filed in 1962, when the subdivision was developed. The covenants and restrictions give "each and every owner of land in [the subdivision] . . . the right to enforce the same by appropriate court proceedings." In December 2014, defendant purchased his property with plans to demolish the existing house and build a much larger house on the property. When plaintiff saw the site plans for the new house, she notified defendant by letter in early August 2015 that the site plan showed that the home he was about to construct was in violation of paragraph five of the covenants and restrictions, which required a 100-foot setback from the lake line for any building. That same month, she commenced this action seeking to enjoin defendant from violating that covenant and restriction and to require him to remove any buildings that were in violation thereof. By her amended complaint filed a few months later, plaintiff alleged that the house would also violate the second and fourth paragraphs of the covenants and restrictions. Defendant, believing that he was in compliance with the covenants and restrictions, proceeded with the construction and the house is now fully built. A nonjury trial was held and, at the close of plaintiff's proof, Supreme Court granted defendant's motion for a directed verdict and dismissed the amended complaint, and plaintiff now appeals.
Upon defendant's motion for a directed verdict, the court must accept plaintiff's evidence as true and afford plaintiff every favorable inference that may reasonably be drawn from the facts as presented at this nonjury trial, and grant the motion only if there is no rational process by which the court could have found in plaintiff's favor (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Bolin v Goodman, 160 AD3d 1350, 1351 [4th Dept 2018]). We conclude that the court erred in granting the motion with respect to the claims in the amended complaint alleging violations of paragraphs four and five of the covenants and restrictions. We therefore modify the order by denying the motion in part and reinstating the amended complaint to the extent it alleges violations of those covenants and restrictions, and we grant a new trial on those claims before a different justice (see generally Bolin, 160 AD3d at 1350-1351; Harris v Gupta, 57 AD3d 1421, 1421-1422 [4th Dept 2008]).
"[T]he law has long favored free and unencumbered use of real property, and covenants [*2]restricting use are strictly construed against those seeking to enforce them" (Witter v Taggart, 78 NY2d 234, 237 [1991]; see Huggins v Castle Estates, 36 NY2d 427, 430 [1975]). "[A] party seeking to enforce a restriction on land use must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction" (Greek Peak v Grodner, 75 NY2d 981, 982 [1990]; see Witter, 78 NY2d at 238; Huggins, 36 NY2d at 430). "Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable" (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 431 [2004]).
We disagree with plaintiff that she established by clear and convincing evidence that defendant's house violated the second paragraph of the covenants and restrictions, which provides that only single family dwellings "not more than one and one-half stories in height . . . shall be placed on any lot." That same covenant was at issue in Ludwig v Chautauqua Shores Improvement Assn. (5 AD3d 1119, 1120 [4th Dept 2004], lv denied 3 NY3d 601 [2004]), and we determined that the court there incorrectly accepted the interpretation of the covenant "as prohibiting property owners from building homes of more than 1½ stories in design, regardless of their height." We concluded that "[t]he words not more than one and one-half stories in height' are ambiguous in scope," and because the defendants, who were seeking to enforce the covenant, "failed to present . . . clear and convincing proof with respect to what number of feet constitutes a story in height,' the scope of the covenant is uncertain, doubtful, or debatable,' thus rendering it unenforceable as applied to plaintiff's residence" (id.). Here, plaintiff also failed to show by clear and convincing evidence the scope and meaning of the covenant in the second paragraph. Plaintiff's experts testified to three different interpretations of that covenant. One expert, who was familiar with restrictive covenants written for subdivisions in the area, opined that, for the most part, height restrictions are usually delineated in feet, and the relevant covenant was not so delineated. Instead, it was delineated in terms of "stories," and there was no clear and convincing proof of what that meant.
We agree with plaintiff, however, that she established by clear and convincing evidence that defendant's house violated the fourth and fifth paragraphs of the covenants and restrictions. The fourth paragraph provides that "[n]o building shall be constructed on any lot so that any part thereof shall be closer than . . . ten (10) feet from the side . . . lot line." Plaintiff's expert testified that the building plans showed that the right side of the house was 8 feet 1 inch from the side, and the left side encroached on the setback by about a foot. The fifth paragraph provides that "[n]o building shall be constructed . . . closer than 100 feet from the lake line." Plaintiff's experts testified that the house had a covered porch within the setback and opined that it was part of the building and thus violated the setback. Defendant's reliance on the fact that there were other properties within the subdivision with attached decks located in the setbacks is misplaced. As the court stated, "[e]nforcement of the setback is different than whether there's been a violation of the setback."
Although the court determined that there was a violation of at least one of the covenants and restrictions here, it granted the motion on the ground that plaintiff could not seek equitable relief because she did not seek such relief against other property owners within the subdivision regarding their alleged violations of the same covenants and restrictions. That was error. Plaintiff is "entitled to ignore inoffensive violations of the restriction[s] without forfeiting [her] right to restrain others which [she] find[s] offensive" (Gordon v Incorporated Vil. of Lawrence, 84 AD2d 558, 559 [2d Dept 1981], affd 56 NY2d 1003 [1982]). Moreover, the court's reluctance to grant equitable relief where, as here, the house has already been built was not a valid basis for granting defendant's motion. Defendant "proceeded with construction of the [house] with knowledge of the restrictive covenants and of plaintiff['s] intention to enforce them" (Chambers, 1 NY3d at 434; see Hidalgo v 4-34-68, Inc., 117 AD3d 798, 800 [2d Dept 2014], lv denied 24 NY3d 916 [2015]; Westmoreland Assn. v West Cutter Estates, 174 AD2d 144, 151-152 [2d Dept 1992]).
Finally, although both parties address whether the covenants and restrictions should be extinguished pursuant to RPAPL 1951, that issue is not properly before us (see generally Shuknecht v Shuknecht, 162 AD3d 1639, 1639 [4th Dept 2018]; Artessa v City of Utica, 23 AD3d 1148, 1149 [4th Dept 2005]). Defendant did not move for a directed verdict on that ground, and the court did not grant the motion on that ground.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court