Wood v Buffalo & Fort Erie Pub. Bridge Auth. (2019 NY Slip Op 09136)





Wood v Buffalo & Fort Erie Pub. Bridge Auth.


2019 NY Slip Op 09136


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1026 CA 19-00747

[*1]JASON WOOD AND JANEL WOOD, PLAINTIFFS-RESPONDENTS,
v
THE BUFFALO AND FORT ERIE PUBLIC BRIDGE AUTHORITY, DEFENDANT-APPELLANT. 






HODGSON RUSS LLP, BUFFALO (SARAH N. MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered April 11, 2019. The order denied defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jason Wood (plaintiff) when he allegedly slipped on blacktop at defendant's premises, causing him to strike his head on the doorframe of the vehicle he was entering. Defendant appeals from an order denying its motion for summary judgment dismissing the complaint. We affirm.
Contrary to defendant's contention, it failed to meet its initial burden on the motion of establishing that plaintiffs cannot identify the cause of plaintiff's fall without engaging in speculation (see Lane v Texas Roadhouse Holdings, LLC, 96 AD3d 1364, 1364-1365 [4th Dept 2012]). "Although [m]ere conclusions based upon surmise, conjecture, speculation or assertions are without probative value . . . , a case of negligence based wholly on circumstantial evidence may be established if the plaintiffs show[ ] facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may reasonably be inferred" (id. [internal quotation marks omitted]). Here, defendant submitted the deposition testimony of plaintiff in which he testified that the night was cold, that he observed prior to his fall that the blacktop was "glossy" and "shiny," and that the glossiness was the sole explanation for his fall. Although plaintiff did not definitively identify the glossiness or shininess as ice, "the fact that plaintiff did not observe ice does not establish that [his] fall was not caused by ice" (Smith v United Ref. Co. of Pennsylvania, 148 AD3d 1733, 1733 [4th Dept 2017]). We reject defendant's contention that its maintenance log established as a matter of law that plaintiff did not fall on ice. The log was insufficient to establish the condition of the blacktop at the time of the accident inasmuch as the employee who entered the data in the log stated in her deposition testimony, which was submitted by defendant in support of its motion, that the log did not reflect the actual time she inspected the relevant area, that she did not specifically record information regarding the condition of the area, and that she could not independently recall the inspection she actually performed (see generally Santiago v Weisheng Enters. LLC, 134 AD3d 570, 571 [1st Dept 2015]; Webb v Salvation Army, 83 AD3d 1453, 1454 [4th Dept 2011]).
We likewise conclude that defendant failed to meet its initial burden on the motion of establishing that it lacked actual or constructive notice of the alleged icy condition. As an initial [*2]matter, we note that plaintiffs did not allege that defendant created the icy condition, and thus we are concerned only with whether defendant possessed actual or constructive notice (see generally Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]). With respect to constructive notice, defendant "had the initial burden of establishing as a matter of law that the alleged icy condition was not visible and apparent or that the ice formed so close in time to the accident that [defendant] could not reasonably have been expected to notice and remedy the condition" (Waters v Ciminelli Dev. Co., Inc., 147 AD3d 1396, 1397 [4th Dept 2017] [internal quotation marks omitted]; see Gwitt v Denny's, Inc., 92 AD3d 1231, 1231-1232 [4th Dept 2012]). Contrary to defendant's contention, plaintiff's deposition testimony does not establish that the condition was not visible and apparent inasmuch as plaintiff testified that he observed that the blacktop was glossy and shiny. Moreover, the mere fact that plaintiff may have fallen on "black ice" does not, as a matter of law, establish that the condition was not visible and apparent (see generally Fuller v Armor Volunteer Fire Co., Inc., 169 AD3d 1471, 1472 [4th Dept 2019]; Rogers v Niagara Falls Bridge Commn., 79 AD3d 1637, 1637-1638 [4th Dept 2010]). We likewise reject defendant's contention that it demonstrated the absence of constructive notice by offering evidence, in the form of its inspection log, of regularly recurring maintenance or inspection of the premises. As noted above, the employee who entered the data could not independently recall the inspection she performed and conceded that the log did not reflect the actual time she inspected the area or precisely what was done upon inspection. Thus, the log does not reflect when the relevant area was actually inspected and cannot establish "that the ice formed so close in time to the accident that [defendant] could not reasonably have been expected to notice and remedy the condition" (Waters, 147 AD3d at 1398 [internal quotation marks omitted]; see Sodhi v Dollar Tree Stores, Inc., 175 AD3d 914, 916 [4th Dept 2019]; see generally Roy v City of New York, 65 AD3d 1030, 1031 [2d Dept 2009]). Defendant likewise failed to meet its initial burden of establishing that it had no actual notice of the alleged icy condition (see Lewis v Carrols LLC, 158 AD3d 1055, 1056 [4th Dept 2018]).
Inasmuch as defendant failed to meet its initial burden, the court properly denied its motion without regard to the sufficiency of plaintiffs' opposing papers (see Schult v Pyramid Walden Co., L.P., 167 AD3d 1577, 1577 [4th Dept 2018]; Bailey v Curry, 1 AD3d 1059, 1060 [4th Dept 2003]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court