Alexander v State of New York (2021 NY Slip Op 02626)





Alexander v State of New York


2021 NY Slip Op 02626


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


63 CA 20-01128

[*1]AMY L. ALEXANDER, CLAIMANT-RESPONDENT,
v
STATE OF NEW YORK, DEFENDANT-APPELLANT. (CLAIM NO. 131694.) 






CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (DAVID B. GEURTSEN OF COUNSEL), FOR CLAIMANT-RESPONDENT. 
ROEMER WALLENS GOLD & MINEAUX LLP, ALBANY (MATTHEW J. KELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from an order of the Court of Claims (J. David Sampson, J.), entered May 12, 2020. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries that she sustained after she fell while participating in an obstacle course race at defendant's park. Defendant appeals from an order denying its motion for summary judgment dismissing the claim. We affirm.
Defendant contends that it established as a matter of law that it maintained the subject property in a reasonably safe condition under the circumstances and thus that the Court of Claims erred in denying its motion. As the party seeking summary judgment, defendant bore the initial burden of establishing as a matter of law that the defect that allegedly caused claimant's fall did not constitute a dangerous condition (see generally Wiedenbeck v Lawrence, 170 AD3d 1669, 1669 [4th Dept 2019]), that defendant did not create and lacked actual or constructive notice of the allegedly dangerous condition (see Parslow v Leake, 117 AD3d 55, 63 [4th Dept 2014]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]), or that the allegedly dangerous condition was not a proximate cause of claimant's fall (see Smith v Szpilewski, 139 AD3d 1342, 1342-1343 [4th Dept 2016]). Contrary to defendant's contention, we conclude that it failed to meet that burden.
" '[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case' . . . , and the existence or nonexistence of a defect or dangerous condition 'is generally a question of fact for the jury' " (Wiedenbeck, 170 AD3d at 1669, quoting Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]). Here, we conclude that defendant failed to establish as a matter of law that the defect that allegedly caused claimant's fall did not constitute a dangerous condition (see generally Beagle v City of Buffalo, 178 AD3d 1363, 1366-1367 [4th Dept 2019]). We also reject defendant's contention that it met its initial burden on the motion by establishing as a matter of law that claimant could not identify a specific defect that caused her fall without engaging in speculation. "It is well established . . . that [a] moving party must affirmatively [demonstrate] the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (Lane v Texas Roadhouse Holdings, LLC, 96 AD3d 1364, 1364 [4th Dept 2012] [internal quotation marks omitted]; see Brady v City of N. Tonawanda, 161 AD3d 1526, 1527 [4th Dept 2018]). Here, in support of the motion, defendant submitted, inter alia, claimant's testimony that she fell into a hidden rut that measured five inches deep by five inches wide and ran the length of the field, thereby rendering any other potential cause of her fall [*2]"sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (Artessa v City of Utica, 23 AD3d 1148, 1148 [4th Dept 2005] [internal quotation marks omitted]; see Nolan v Onondaga County, 61 AD3d 1431, 1432 [4th Dept 2009]). Contrary to defendant's further contention, we conclude that it failed to meet its initial burden by establishing that it lacked constructive notice of the defect inasmuch as that "burden cannot be satisfied merely by pointing out gaps in [claimant's] case, as . . . defendant did here" (Baines v G & D Ventures, Inc., 64 AD3d 528, 529 [2d Dept 2009]).
Additionally, defendant contends that the court erred in denying its motion because claimant's claim is barred by the doctrine of assumption of the risk. It is well settled that "[a claimant] will not be held to have assumed those risks that are not inherent . . . , i.e., not ordinary and necessary in the sport" (Lamey v Foley, 188 AD2d 157, 164 [4th Dept 1993] [internal quotation marks omitted]; see Wyzykowski v State of New York, 162 AD3d 1705, 1706 [4th Dept 2018]). Here, although the risk of falling while running an obstacle course race is " 'inherent in and arise[s] out of the nature of the sport generally' " (Custodi v Town of Amherst, 20 NY3d 83, 88 [2012], quoting Morgan v State of New York, 90 NY2d 471, 484 [1997]; see Litz v Clinton Cent. Sch. Dist., 126 AD3d 1306, 1309-1310 [4th Dept 2015]), we conclude that the evidence submitted by defendant in support of its motion failed to establish that the alleged defect was inherent in the sport (cf. Sykes v County of Erie, 94 NY2d 912, 913 [2000]; see generally Morgan, 90 NY2d at 488). Contrary to defendant's final contention, under the circumstances presented here, claimant's awareness of the generally poor condition of the race course and her decision to participate in the race relate only to the
issue of her comparative fault, if any (see Wyzykowski, 162 AD3d at 1706).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court