Withers v Roblee (2025 NY Slip Op 05620)

Withers v Roblee

2025 NY Slip Op 05620

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

752 CA 25-00160

[*1]MICHELLE WITHERS, PLAINTIFF-APPELLANT,
v
KATHRYN ROBLEE, DEFENDANT-RESPONDENT. 

BRENNA BOYCE, PLLC, HONEOYE FALLS (DAVID C. SIELING OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MCCABE, COLLINS, MCGEOUGH, FOWLER, LEVINE & NOGAN LLP, HAMBURG (TAMARA M. HARBOLD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Genesee County (Diane Y. Devlin, J.), entered August 5, 2024, in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this premises liability action seeking damages for injuries she sustained when she fell on property owned by defendant. The complaint, as amplified by the bill of particulars, alleges that the fall was caused by a "mis-leveled concrete slab . . . on the owner's side of the garage" at defendant's residence that caught plaintiff's heel as she was walking. During her deposition, plaintiff testified that she fell when "[s]omething caught [her] heel" while she was walking backward from the gravel driveway onto the concrete in the garage, that she landed inside the garage, and that she did not know what caught her heel. Defendant moved for summary judgment dismissing the complaint on the ground that, inter alia, plaintiff was unable to identify the cause of her fall. Supreme Court granted the motion, and we now reverse.
" 'In a slip and fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall' without engaging in speculation" (Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1487 [4th Dept 2014]; see Rinallo v St. Casimir Parish, 138 AD3d 1440, 1441 [4th Dept 2016]). Here, we conclude that defendant failed to establish as a matter of law that the cause of plaintiff's fall was speculative (see Rinallo, 138 AD3d at 1441; Lane v Texas Roadhouse Holdings, LLC, 96 AD3d 1364, 1364-1365 [4th Dept 2012]). " 'Although [mere] conclusions based upon surmise, conjecture, speculation or assertions are without probative value . . . , a case of negligence based wholly on circumstantial evidence may be established if the plaintiff[ ] show[s] facts and conditions from which the negligence of the defendant[ ] and the causation of the accident by that negligence may be reasonably inferred' " (Dixon, 118 AD3d at 1488; see Seelinger v Town of Middletown, 79 AD3d 1227, 1229-1230 [3d Dept 2010]).
In support of her motion for summary judgment, defendant submitted plaintiff's pleadings and deposition testimony. Although plaintiff testified that she did not know what caught her heel and caused the fall, she also stated that she fell in the immediate vicinity of the entry to the garage from the gravel driveway and landed inside the garage. Viewing the evidence in the light most favorable to plaintiff as the nonmoving party (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), we conclude that the testimony and the allegations in the bill of particulars regarding the mis-leveled concrete slab "render[ed] any other potential cause of her fall 'sufficiently remote or technical to enable [a] jury to reach [a] verdict based not upon [*2]speculation, but upon the logical inferences to be drawn from the evidence' " (Nolan v Onondaga County, 61 AD3d 1431, 1432 [4th Dept 2009]; see Seelinger, 79 AD3d at 1230). Defendant "failed to address plaintiff['s] allegations in the . . . bill of particulars regarding an unsafe premises condition and, therefore, . . . [she] failed to meet [her] initial burden on the motion" (Brongo v Town of Greece, 233 AD3d 1442, 1443 [4th Dept 2024]; see generally Costen v Cohen, 124 AD3d 819, 819-820 [2d Dept 2015]).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court